CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

June 11, 2024

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **ASKARI DANSO M.S. LUMUMBA,** ) | |
| **Plaintiff,** ) | **Case No. 7:22-cv-00396** |
| ) | |
| **v.** ) | |
| ) | **By: Michael F. Urbanski** |
| **HAROLD CLARKE, et al.,** ) | **Chief United States District Judge** |
| **Defendants.** ) | |

### ORDER

Askari Danso M.S. Lumumba, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against eight individuals employed by the Virginia Department of Corrections. He asserted, among other claims, that certain defendants violated his right to due process under the Fourteenth Amendment by failing to create a regulation that would require prison officials to keep his medical information private. On September 14, 2023, the court dismissed the action under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Lumumba appealed the decision to the United States Court of Appeals for the Fourth Circuit.* After the appeal was docketed, Lumumba moved to vacate the dismissal of the due process claim pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). For the reasons set forth below, the motion to vacate, ECF No. 36, is **DENIED**.

Rule 60(b) authorizes a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. Rule Civ. P. 60(b). "But a party can obtain such relief based on only the six

---

* The Fourth Circuit recently affirmed the dismissal order. Lumumba v. Dotson, No. 23-7011, 2024 WL 29815169 (4th Cir. June 3, 2024).

grounds identified." <u>Daulatzai v. Maryland</u>, 97 F.4th 166, 178 (4th Cir. 2024). Rule 60(b)(1) "allows a party to seek relief from a final judgment based on, among other things, a 'mistake,'" which "includes a judge's error of law." <u>Kemp v. United States</u>, 596 U.S. 528, 530 (2022) (quoting Fed. R. Civ. P. 60(b)(1)). Rule 60(b)(6) is a "catch-all provision" that "permits district courts to grant relief for 'any other reason that justifies' it." <u>Bixby v. Stirling</u>, 86 F.4th 1059, 1065 (4th Cir. 2023) (quoting Fed. R. Civ. P. 60(b)(6)). "[D]espite Rule 60(b)(6)'s 'open-ended language,' the Supreme Court has 'firmly reined in' the provision's scope by requiring extraordinary circumstances to invoke it." <u>Id.</u> (quoting <u>Moses v. Joyner</u>, 815 F.3d 163, 168 (4th Cir. 2016)); <u>see also</u> <u>Aikens v. Ingram</u>, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) ("While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5).") (citing <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 863 n.11 (1988)).

Having reviewed the record, the court concludes that Lumumba's motion must be denied. He has not identified any mistake or error of law that would justify vacating the dismissal order under Rule 60(b)(1). Nor has he identified any extraordinary circumstances that would justify granting relief under 60(b)(6). While Lumumba may disagree with the court's decision to dismiss his due process claim, mere disagreement with the court's ruling is insufficient to support a Rule 60(b) motion. <u>See</u> <u>United States v. Williams</u>, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b).").

For the reasons stated, Lumumba's motion to vacate, ECF No. 36, is **DENIED**. The

Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: June 11, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.06.11 10:30:32
-04'00'

Michael F. Urbanski
Chief United States District Judge